UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARIAMA MOORE, | Case No. 23-CV-1613 (PJS/DJF) |
| Plaintiff, | |
| v. | ORDER |
| STATE OF MINNESOTA and STATE OF BUILDING, | |
| Defendants. | |

Plaintiff Mariama Moore has filed 17 lawsuits in this District since the beginning of April. Almost all of her lawsuits follow the same pattern: Moore applies for a job and, when she is not hired, she sues the would-be employer on the grounds that she has been discriminated against. Seldom (if ever) does Moore offer any factual basis for believing that discrimination played a role in the employer's failure to hire her. Moore does not, for example, point to a discriminatory remark during the hiring process, or identify similarly situated applicants who were treated more favorably, or offer any other specific reason for believing that discrimination played any role in the employer's decision.

Moore has now been told repeatedly[1] that this is not enough to state a claim on which relief may be granted under the federal discrimination laws. As the undersigned explained in another of Moore's recent lawsuits:

> Moore has not pleaded a single substantive factual allegation. Accordingly, there is absolutely no basis in the complaint from which a reasonable factfinder could conclude that defendants' failure to hire Moore was on account of her race, or her gender, or her disability status, or any other impermissible factor. A claimant must allege more than merely that she was the victim of discrimination to state a claim on which relief may be granted under federal law. *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013).

*Moore v. Lancaster*, No. 23-CV-0905 (PJS/JFD), 2023 WL 2976036, at *1 (D. Minn. Apr. 17, 2023) (citation omitted).

Every word of that quotation applies equally to the lawsuit now before the Court. Once again, Moore has again sued a prospective employer — this time, the State of Minnesota and an entity identified as "State of Building" — under Title VII of the Civil Rights Act of 1964. Once again, Moore's pleading does not clearly explain why she believes that discrimination played a role in the prospective employers' decision not to offer her a job.[2] Neither the defendants nor the Court could have any way of

---

[1] At least 12 of Moore's lawsuits have now been summarily dismissed on preservice review under 28 U.S.C. § 1915(e)(2)(B) (including the present matter), with several of the matters that have not yet been dismissed still pending on preservice review.

[2] The bulk of Moore's pleading consists of allegations establishing that the employers that she has been suing are required to follow Title VII. *See* Pl. Addendum [ECF No. 1-1]. But the problem with Moore's litigation is not that she has insufficiently established

2

knowing from the complaint *why* Moore believes that the hiring decision at issue was the result of discriminatory animus.

Moore has applied for *in forma pauperis* ("IFP") status in this action, *see* ECF No. 2, which makes her complaint subject to preservice review under 28 U.S.C. § 1915(e)(2)(B). Having now conducted that review, the Court concludes, once again, that Moore has failed to state a claim on which relief may be granted. Accordingly, this matter will now be dismissed pursuant to § 1915(e)(2)(B)(ii).

As explained above, this is one of 17 lawsuits that Moore has filed in recent months; she has, by herself, initiated more than one percent of the civil litigation filed in this District in 2023. Moore is not only unusually vexatious,³ but she has also proven unwilling or unable to meet federal pleading standards. "Ms. Moore is not an attorney, but she has now been explained several times that conclusory allegations are not a sufficient basis upon which to seek relief under federal law." *See Moore v. Weaver*, No. 23-CV-1254 (KMM/LIB), ECF No. 5 at 4 (D. Minn. May 17, 2023).

---

that the defendants are required to follow federal law; the problem is that she is not pleading factual allegations from which a factfinder could reasonably conclude, if those allegations are later proved to be true, that the defendants violated the law.
³ An indication of Moore's vexatiousness is that she has sued the State of Minnesota (and "State of Building") before on similarly vague allegations of employment discrimination, and that matter remains pending on preservice review under § 1915(e)(2)(B). *See Moore v. State of Minnesota*, No. 23-CV-1158 (WMW/JFD) (D. Minn. filed Apr. 24, 2023). In other words, Moore has not bothered to wait to see if the Court permitted the pleading in that matter to go forward before bringing a substantially duplicative action.

Although pro se litigants have a right of access to the courts, that right does not encompass the filing of frivolous, malicious, or duplicative lawsuits. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988). A court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id.* at 1293. Moore has been warned that her pleadings are insufficient and has been cautioned about continuing to file lawsuits without a factual basis and yet she has continued to do so. Nothing short of restrictions on Moore's ability to freely initiate new litigation is likely to slow the torrent of lawsuits. Accordingly, Moore will be restricted from initiating new litigation in this District unless she is represented by counsel or receives advance permission of a judicial officer of this District. This restriction will not preclude Moore from prosecuting lawsuits with potential merit (and pleaded with adequate factual allegations); any such lawsuit will be authorized to proceed. What the restriction will preclude Moore from doing, however, is continuing to abuse the judicial process.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Mariama Moore [ECF No. 2] is DENIED.

3. Moore is restricted from initiating new litigation in this District unless she is represented by counsel or receives advance permission of a judicial officer of this District

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 2, 2023                                s/Patrick J. Schiltz
                                                   Patrick J. Schiltz, Chief Judge
                                                   United States District Court